IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:21CR3014 |
| vs. | |
| ROBERT D. DANKEMEYER, | **FINDINGS, RECOMMENDATION AND ORDER** |
| Defendant. | |

Defendant Robert D. Dankemeyer ("Dankemeyer") has moved to suppress evidence obtained during the execution of a search warrant issued on June 27, 2020 by the County Court of Thayer County, Nebraska, (Filing No. 34). Defendant argues that the warrant lacked sufficient facts to support a probable cause finding. He further argues that a second warrant, obtained on June 29, 2020, was predicated on evidence obtained pursuant to the allegedly deficient first warrant and that any fruits of the second warrant are also subject to suppression.

Being fully advised, the undersigned magistrate judge recommends that Dankemeyer's motion be denied in its entirety without a hearing.

STATEMENT OF FACTS

On June 27, 2020, the Thayer County Sheriff's Deputy obtained a search warrant for 407 1st Street, Deshler, Thayer County, Nebraska. (Filing No. 35 at CM/ECF p. 5). The warrant affidavit at issue (Filing No. 36-1) includes the following assertions from the affiant-officer:

- On June 20, 2020,[1] Thayer County Sheriff Deputy Stenka was dispatched to 704 4th Street, Deshler, Thayer County, Nebraska to respond to reports of an earlier disturbance at that location. Thayer County Sheriff Deputy Spellman was already present and responding when Deputy Stenka arrived.

- Upon arrival at 704 4th Street, Deputy Stenka was advised by a civilian named Landon Johnson (who was purportedly involved in the so-called "disturbance"), as well as other witnesses, that Dankemeyer also had been involved in the disturbance.

- Witnesses reported that Dankemeyer left 704 4th Street following the disturbance and had returned several minutes later with a firearm.

- Witnesses further reported that Dankemeyer pointed the firearm and made threats to three individuals at the 704 4th Street location and "that Dankemeyer had multiple rifles and other guns in his possession."

- Shortly after the incident, Deputy Spellman spoke with civilian Larry Muhlenbruch, who resides at 703 7th Street in Deshler, Thayer County, Nebraska. Muhlenbruch told Deputy Spellman that that he "saw a vehicle matching the description of the vehicle being driven by Dankemeyer arrive at his neighbour's [sic] home and stay for less than a minute before leaving."

---

[1] In his briefing, Dankemeyer indicates that the events described in the warrant occurred on June 22, 2020, not June 20, 2020 as the warrant affidavit suggests. However, Dankemeyer does not contest that a disturbance occurred at the location described in the warrant nor that the disturbance in question occurred prior to the Thayer County Sheriff's application for the contested warrant. The court finds that the discrepancy in dates is therefore immaterial to the probable cause analysis.

- Deputy Spellman thereafter spoke to Regina Caudy, "a known associate of Dankemeyer." At Regina Caudy's residence at 616 7th Street, Deshler, Thayer County, Nebraska. Deputy Spellman recovered two handguns and one rifle.

- Regina Caudy identified one of the firearms as Dankemeyer's and told Deputy Spellman she had "seen it in his possession while [Dankemeyer] had previously been at her residence."

- Video obtained from the City of Deshler shows Dankemeyer at the 704 4th Street location at the time of the disturbance.

- The residence at 407 1st Street Deshler, Thayer County, Nebraska is known to the affiant-officer as Dankemeyer's residence.

- The residence at 407 1st Street is a "single family, green house with white trim around the windows and roof of the building, located at 407 1st Street in Deshler, Thayer County, Nebraska. Lot 2 Block 1 Schultz 1st addition to Deshler. The property also has 5 steps leading to the front porch of the building. On the north side of the residence, there is a concrete driveway that extends from 1st Street to the west side of the property. At the end of the driveway, there is a frame of what was a two car garage, without a roof."

(See Filing No. 36-1 at CM/ECF pp. 1-2).

The warrant authorized the search of the residence at 407 1st Street and also specifically authorized the search of "any and all vehicles parked at the

residence belonging to the occupants" of the residence. (Filing No. 36-1 at CM/ECF p. 3). The warrant was limited in scope to a search for "[f]irearms, ammunition, and other weapons [that] when possessed by a convicted felon, are illegal." (Filing No. 36-1 at CM/ECF p. 3).

During execution of the warrant, law enforcement searched the residence at 407 1st Street as well as a white Ford vehicle parked at the residence. (Filing No. 35 at CM/ECF pp. 2-3). The officers' search uncovered various items of contraband, including both firearms and a controlled substance. (Filing No. 35 at CM/ECF p. 3).

Dankemeyer now seeks to suppress evidence of the firearms and controlled substance at trial, claiming that the June 27, 2020 warrant was constitutionally infirm. In essence, Dankemeyer argues that the warrant affidavit focuses too heavily on the disturbance at 704 4th Street and fails to create a sufficient basis to search the residence at 407 1st Street. Dankemeyer asserts that the witness statements in the warrant affidavit are not corroborated, rendering them unreliable. (Filing No. 35 at CM/ECF p. 4). He further asserts that the warrant does not explain the nexus between Dankemeyer, the residence, and vehicle searched. (Filing No. 35 at CM/ECF p. 3).

ANALYSIS

I.   Probable Cause

Probable cause exists if, under the totality of the circumstances, "there is a fair probability that contraband or evidence of a crime will be found in a particular place." Walden v. Carmack, 156 F.3d 861, 870 (8th Cir. 1998) (quoting Illinois v. Gates, 462 U.S. 213, 232 (1983)). Probable cause is assessed "from the viewpoint of a reasonably prudent police officer acting in the circumstances of a particular

case." United States v. Reinholz, 245 F.3d 765, 776 (8th Cir. 2001). "The determination of whether or not probable cause exists to issue a search warrant is to be based upon a common-sense reading of the entire affidavit." United States v. Seidel, 677 F.3d 334, 338 (8th Cir. 2012) (internal quotations omitted).

> [T]he Fourth Amendment's commands, like all constitutional requirements, are practical and not abstract. If the teachings of the Court's cases are to be followed and the constitutional policy served, affidavits for search warrants. . . must be tested and interpreted by . . . courts in a commonsense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area. A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting.

United States v. Ventresca, 380 U.S. 102, 108 (1965). When a warrant is challenged for lack of probable cause, only the information "found within the four corners of the [warrant] affidavit may be considered in determining the existence of probable cause." United States v. Solomon, 432 F.3d 824, 827 (8th Cir. 2005) (citations omitted).

  a. Witness Reliability

First, Dankemeyer argues that the witness reports included in the warrant application are unreliable because the warrant does not contain their identities. The court disagrees. The anonymity of a witness does not, as a general rule, render his or her assertions wholly unreliable. See United States v. Kent, 531 F.3d 642, 648 (8th Cir. 2008). While it is true that anonymous tipsters are treated with more skepticism than witnesses with a proven track record, even anonymous reports can create probable cause where cross-corroborated with other reports or

whereby police investigation provides corroborative information. Kent, 531 F.3d at 648; United States v. Nieman, 520 F.3d 834, 840 (8th Cir. 2008).

The warrant does not identify the "multiple witnesses" at the scene of the disturbance who either saw Dankemeyer point a firearm at other civilians or who told officers that Dankemeyer had multiple firearms. However, those witnesses were not the type of classic "anonymous" tipster who, for example, calls Crimestoppers or 911 to report a crime. Rather, these individuals spoke with police officers in-person. United States v. Robertson, 39 F.3d 891, 893 (8th Cir. 1994) (stating the reliability of a tip is enhanced when a law enforcement officer meets personally with the informant to assess his credibility). Although the warrant does not indicate whether any of those witnesses had a proven record of reliability, their in-person communications, and the cross-corroborative information they provided, create heightened indicia of reliability than if their reports had been purely anonymous. Id. The Eighth Circuit has also held that "there are indicia of reliability in 'the richness and detail of a firsthand observation.'" United States v. Buchanan, 574 F.3d 554, 561 (8th Cir. 2009) (quoting United States v. Jackson, 898 F.2d 79, 81 (8th Cir. 1990); see also Gates, 462 U.S. at 234 (finding that an informant's "explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed first-hand, entitles his tip to greater weight").

Moreover, police investigation also provided additional corroboration. Police spoke with three named witnesses – Regina Caudy, Larry Muhlenbruch and Landon Johnson – who helped to corroborate the events surrounding the disturbance. This includes a statement from Caudy (who is a known associate of Dankemeyer) indicating that Caudy had personally seen Dankemeyer in possession of a firearm. As the Eighth Circuit has consistently recognized, named witnesses (even those with no track record of reliability) are more reliable than anonymous tipsters because "police can hold them responsible for false

information." Kent, 531 F.3d at 648. The reliability of these reports is also, in part, corroborated by video evidence obtained by police investigation that places Dankemeyer at 704 4th Street at the time of the disturbance. (Filing No. 36-1 at CM/ECF pp. 1-2).

The court finds that the witness reports, coupled with the results of the related police investigation, created a sufficiently reliable basis to believe that Dankemeyer had committed a crime.

> b. Nexus

The warrant also creates a legally sufficient nexus between the contraband and/or illegal activity and the property at 407 1st Street. To support a search warrant, "[t]here must be evidence of a nexus between the contraband and the place to be searched[.]" United States v. Summage, 481 F.3d 1075, 1078 (8th Cir. 2007) (quoting United States v. Tellez, 217 F.3d 547, 550 (8th Cir.2000)). When determining the sufficiency of the evidentiary nexus, the judicial officer may make "reasonable inferences from the totality of the circumstances." United States v. Thompson, 210 F.3d 855, 860 (8th Cir.2000) (emphasis added). Factors to consider in determining if a nexus exists include "the nature of the crime and the reasonable, logical likelihood of finding useful evidence." United States v. Johnson, 848 F.3d 872, 878 (8th Cir. 2017) (citation omitted).

Based on the totality of the circumstances, the warrant contains a sufficiently particularized and reasonable basis to believe evidence of Dankemeyer's unlawful conduct could be located at his known residence. Summage, 481 F.3d at 1078. The affiant-officer indicates in the warrant application that he knew 407 1st Street to be the current residence of Dankemeyer. Given reports of Dankemeyer possessing a gun and threateningly pointing it at other individuals, the court finds

that there was a reasonable basis for officers to believe that evidence of that conduct might be located his residence.[2]

This conclusion also extends to the search of the white Ford vehicle located at the residence. The warrant allowed officer to search any vehicle at the residence owned by an occupant thereof. ([Filing No. 36-1 at CM/ECF p. 3](#)). Dankemeyer does not claim that the white Ford vehicle would not fall within that description. Instead, he claims that witnesses reported seeing him in a different vehicle during the incident. However, the warrant did not limit the search to the vehicle Dankemeyer was driving during the time of the disturbance in question – it allowed for the search of any vehicle owned by an occupant of the subject residence. The warrant was not overbroad, and inclusion of the residents' vehicles in the search was reasonable in light of all the circumstances.

Aside from the arguments addressed hereinabove, Dankemeyer offers no other basis to attack the warrant's probable cause.[3] Having reviewed the warrant in its entirety, and having addressed Dankemeyer's contentions on its sufficiency, the court finds that the warrant was predicated on sufficient probable cause. The court should not suppress the evidence located during the search in question.

---

[2] Dankemeyer also claims that nexus is lacking because there is "no description of a time-frame when firearms would have been seen at the residence or in the vehicles with Dankemeyer." However, the witnesses reported that they had seen Dankemeyer pointing a gun at other civilians that night. While the witnesses did not specifically report that Dankemeyer had guns at his residence, the officers made a reasonable inference that, given the multiple reports of Dankemeyer possessing a gun and/or guns, that he might be keeping that gun/those guns at his known residence.

[3] Dankemeyer does allude to one additional argument: Prior to obtaining the search warrant, and during their interview with Regina Caudy, officers recovered a gun matching the description of the firearm that witnesses said Dankemeyer pointed at civilians. Dankemeyer claims that because that gun was recovered prior to the search, police officer could not reasonably believe that they would find evidence of a crime at his residence. The court disagrees. The investigation was ongoing – there was no confirmation that the gun at the Caudy residence was Dankemeyer's. Therefore, it was reasonable for the officers to continue their investigation after recovering the gun(s) from Regina Caudy.

II.   Leon Good-Faith Exception

Because the warrant was constitutionally valid, the court need not address the Leon good-faith exception. However, in the interest of completeness, Leon is briefly addressed.

Evidence seized pursuant to a search warrant issued by a judge will not be suppressed, even if probable cause is later found to be lacking, "if the executing officer's reliance upon the warrant was objectively reasonable." U.S. v. Proell, 485 F.3d 427, 430 (8th Cir. 2007) (citing United States v. Leon, 468 U.S. 897, 920 (1984)). The Leon good-faith exception is not applicable (1) when the affidavit or testimony supporting the warrant contained a false statement made knowingly and intentionally or with reckless disregard for its truth, thus misleading the issuing judge; (2) when the issuing judge "wholly abandoned his judicial role" in issuing the warrant; (3) when the affidavit in support of the warrant is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable;" and (4) when the warrant is "so facially deficient" that no police officer could reasonably presume the warrant to be valid. Proell, 485 F.3d at 431 (citing Leon, 468 U.S. at 923).

Dankemeyer claims that the warrant is so facially deficient that no reasonable law enforcement officer would interpret the information in the affidavit to establish probable cause for the relevant search. (Filing No. 35 at CM/ECF pp. 5-6). However, as discussed above, the court finds the multiple, cross-corroborated witness reports; the evidence from known-associate Caudy; and the video evidence obtained through police investigation created a reasonable basis for a probable cause finding. And even if the foregoing did not push this warrant past the probable cause goal line, there is clearly a sufficient amount of information

included in the warrant to have made the executing officers' reliance objectively reasonable, even if mistaken. Dankemeyer's argument is without merit.

Dankmeyer argues that the issuing judge abandoned his judicial role because the warrant was improperly specific and contained what Dankemeyer considered to be conclusory allegations. However, having reviewed the warrant application in its entirety, the undersigned magistrate judge agrees with the issuing judge's probable cause determination. There were more than bare conclusions – the warrant was underpinned by interviews from several named and unnamed witnesses and corroborated by police investigation. The issuing judge was reasonable in his determination that probable cause was present and there is no evidence of "rubberstamping" or any other abandonment of his judicial responsibility.

No exception to <u>Leon</u> applies under the facts presented. Even assuming the warrant application lacked a basis for finding probable cause, <u>Leon</u> applies and the fruits of the search conducted pursuant to the warrant should not be suppressed.

   III.   The Second Warrant

Thayer County Sheriff's Deputies obtained an additional search warrant on June 29, 2020. This second warrant expanded the scope of the search of the white Ford vehicle to include (in addition to firearms and ammunition) a search for fibers, fingerprints, and other biological matter within the car. Dankemeyer argues that this warrant was invalid because it is predicated on information obtained pursuant to the June 27, 2020 warrant discussed above. However, having found that the evidence from the warrant should not be suppressed, the court likewise concludes the second warrant is valid. The court has reviewed the second warrant and finds

that it is sufficiently tailored and is not premised on illegally obtained information. Dankemeyer is not entitled to suppression of any evidence obtained pursuant to the second warrant.

   IV.   Request for Hearing

Dankemeyer has requested that the court hold an evidentiary hearing prior to resolution of his motion to suppress. The court finds that such a hearing is unnecessary.

"Evidentiary hearings need not be set as a matter of course, but if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question, an evidentiary hearing is required." United States v. Losing, 539 F.2d 1174, 1177 (8th Cir. 1976). Here, there are no contested issues of fact necessitating an evidentiary hearing.

There is also no sufficient basis for a hearing pursuant to Franks v. Delaware, 438 U.S. 154, 171 (1978). Under Franks, when a defendant challenges a warrant application, a hearing is not required unless the defendant makes a threshold showing that the affiant deliberately misled the judge, and had the judge known the truth, the application would have been denied for lack of probable cause. Id. Dankemeyer does not argue that the information included in the warrant is false or that material information is omitted. He has therefore not articulated a basis for a Franks hearing.

For all the foregoing reasons, and based on a totality of the circumstances,

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable John M. Gerrard, United States District Judge, pursuant to 28 U.S.C. § 636(b), that the motion to suppress and for hearing (Filing No. 34), be denied.

The Defendant is notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

IT IS ORDERED that the trial of this case is set to commence before the Honorable John M. Gerrard, United States District Judge, in Courtroom 1, United States Courthouse, Lincoln, Nebraska, at 9:00 a.m. on January 18, 2022, or as soon thereafter as the case may be called, for a duration of three (3) trial days. Jury selection will be held at commencement of trial.

Dated this 13th day of December, 2021.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge