IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:21-CR-3014 |
| vs. | MEMORANDUM AND ORDER |
| ROBERT D. DANKEMEYER, | |
| Defendant. | |

This matter is before the Court on the defendant's objection (filing 48) to the Magistrate Judge's findings and recommendation (filing 39) that his motion to suppress (filing 34) be denied. On its *de novo* review of the record, *see* 28 U.S.C. § 636(b)(1), the Court will overrule the objection, adopt the findings and recommendation, and deny the motion to suppress.

The defendant's primary objection is that the affidavit supporting the warrant to search the defendant's home did not, in fact, contain enough to establish that the defendant's home was actually the defendant's home. *See* filing 48 at 1-5. Although his argument is framed in a few different ways, *see id.*, the defendant's focus is on one sentence in the affidavit of the Thayer County deputy sheriff who asked for the search warrant: that the residence searched, at a particular address in Deshler, Nebraska, "is known to the affiant to be where [the defendant] resides." Filing 36-1 at 2. And the defendant's complaint can likewise be summarized in a sentence: The affidavit didn't say *how* the affiant knew the defendant lived there. *See* filing 48 at 1-5.

The Court notes that the defendant actually did live there. *See* filing 7 at 1. The Court recognizes, of course, that a search can't be justified by its results—but it is worth observing that the defendant doesn't claim the officer

was incorrect, or misrepresented the facts, or omitted something material. Rather, the claim is narrow: effectively, the defendant is arguing that the officer didn't lay foundation in his affidavit to *prove* that the information he was providing, based on personal knowledge, was reliable. But the defendant points to no authority suggesting that an officer seeking a search warrant based on his personal knowledge of the facts must always explain how he learned them.

By way of comparison, for instance, when information supporting a search warrant is provided by an informant, the reliability of the information can be established in a number of ways, such as the previous reliability of the informant, or corroboration by independent evidence. *See, e.g.*, *United States v. Evans*, 4 F.4th 633, 636-37 (8th Cir. 2021); *United States v. Oliver*, 950 F.3d 556, 564 (8th Cir. 2020). And in this case, the officer both stated his personal knowledge as to where the defendant lived (which isn't surprising for a Thayer County deputy sheriff on patrol duty in a community the size of Deshler, Nebraska) and described the residence in considerable detail. *See* filing 36-1.

In short, if the source of the information here had been a citizen-informant rather than a law enforcement officer, this assertion of personal knowledge by a known informant, under oath and personally present before the clerk-magistrate, combined with corroborating details about the residence, would readily suffice to establish the reliability of the information. *Cf. Evans,* 4 F.4th at 637. The Court sees no reason why a law enforcement officer's personal knowledge would be subjected to a *higher* standard. Accordingly, the Court finds no merit to the defendant's argument.

The defendant also objects to the Magistrate Judge's conclusion that even if the warrant was constitutionally invalid the evidence obtained by the search need not be excluded pursuant to *United States v. Leon*, 468 U.S. 897,

920 (1984), and that evidence obtained from a second warrant based on the fruits of the first warrant need not be excluded. Filing 48 at 6-8 (citing filing 39 at 9-11). On those points, the Court agrees with the Magistrate Judge for the reasons set forth in her findings and recommendation. Accordingly,

IT IS ORDERED:

1. The defendant's objection (filing 48) is overruled.

2. The Magistrate Judge's findings and recommendation (filing 39) are adopted.

3. The defendant's motion to suppress (filing 34) is denied.

Dated this 7th day of March, 2022.

BY THE COURT:

John M. Gerrard
United States District Judge